UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 8:24 cr 281 WFJ-SPF

CHRISTIAN ANDUJAR RIVERA,
    a/k/a "Ratchet,"
IRVING DIEGO BRUZON,
    a/k/a "Irv,"
XAVIER CHASE GARDNER
    a/k/a "Zae,"
MOHAMED NIDAL JABER
    a/k/a "Mo,"
JULISSA COLLAZO,
    a/k/a "Juju," and
KYLE MILLER

18 U.S.C. § 844
18 U.S.C. § 922
18 U.S.C. § 1344
18 U.S.C. § 1951
18 U.S.C. § 1959
18 U.S.C. § 1962
21 U.S.C. § 841
21 U.S.C. § 846

**SEALED**

**INDICTMENT**

JUN 20 2024 PM4:37
FILED - USDC - FLMD - TPA

The Grand Jury charges:

**COUNT ONE**
**(Racketeering Conspiracy)**

**A.  THE ENTERPRISE**

1.    At all times material to this Indictment, the defendants,

CHRISTIAN ANDUJAR RIVERA,
a/k/a "Ratchet,"
IRVING DIEGO BRUZON,
a/k/a "Irv,"
XAVIER CHASE GARDNER,
a/k/a "Zae,"
MOHAMED NIDAL JABER,
a/k/a "Mo,"
JULISSA COLLAZO,
a/k/a "Juju,"
and

KYLE MILLER,

and others known and unknown to the Grand Jury, were members and associates of a criminal organization engaged in narcotics distribution, bank fraud, and acts of violence, including but not limited to acts involving murder, aggravated assault, robbery, and arson, which operated principally in Hillsborough County, Florida.

2.      At all times relevant to this Indictment, the criminal organization, including its leadership, membership and associates, constituted an "enterprise," as defined by Title 18, United States Code, Sections 1961(4) and 1959(b)(2) (hereinafter "the Enterprise"), that is, a group of individuals associated in fact, which engaged in and the activities of which affected, interstate and foreign commerce. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for the common purpose of achieving the objectives of the Enterprise.

**B.     PURPOSES OF THE ENTERPRISE**

3.      The purposes of the Enterprise, including its members and associates, included, but were not limited to, the following:

a.  To generate money and status for its members and associates through various criminal activities, including, but not limited to, dealing in controlled substances; robbery; and bank fraud; and

b.  To increase the status and fear of the Enterprise, including its members and associates, through acts of violence, including murder, arson, and acquiring and using firearms against rivals, victims of their crimes, etc.

2

## C.   MEANS AND METHODS OF THE ENTERPRISE

4.     The means and methods by which members and associates of the Enterprise conducted and participated in the conduct of the affairs of the enterprise included, but were not limited to, the following:

a.  Enterprise members would and did use wire and electronic communications to promote and conduct the affairs of the Enterprise.

b.  Enterprise members would and did use automobiles to promote and conduct the affairs of the Enterprise.

c.  Enterprise members would and did dispose of items that could be used as evidence to support the prosecution of Enterprise members.

d.  Enterprise members would and did use residences to store controlled substances, paraphernalia, money, firearms, and ammunition, to manufacture, maintain, and distribute controlled substances, and to conduct meetings with Enterprise members.

e.  Enterprise members would and did acquire, manufacture, possess, distribute, and otherwise deal in controlled substances.

f.  Enterprise members would and did utilize global positioning system (GPS) trackers to stalk and conduct surveillance on rival gang members and victims of acts of violence, including shootings and robberies.

3

g.  Enterprise members would and did acquire firearms and ammunition for, and lent, transferred, and delivered firearms and ammunition to, persons the Enterprise members knew and had reason to believe were convicted felons, and who would commit unlawful acts with said firearms and ammunition.

h.  Enterprise members would and did seek to attain and maintain status by, and attribute status to, participation in violent acts, and would and did have discussions regarding their participation in acts of violence.

i.  Enterprise members would and did threaten to commit, and did commit, acts of violence and intimidation, in an effort to control drug distribution activities in the Middle District of Florida, and elsewhere, to collect and attempt to collect debts owed to the Enterprise and its members, and to intimidate competitors in the drug trafficking business.

j.  Enterprise members would and did commit murder and other acts of violence and intimidation to instill fear in the community at large, to retaliate against rival gang members, and to gain status for, and promote and conduct the affairs of, the Enterprise.

k.  Enterprise members would and did commit violence against individuals to retaliate for attacks on, or perceived slights or threats to, Enterprise members, and for other reasons.

l.   Enterprise members would and did obstruct and attempt to obstruct justice and would and did attempt to cause others to do the same, by destroying, concealing, and disposing of evidence, by providing false information to law enforcement officers, by withholding information from law enforcement officers, and by threatening and coaching witnesses to prevent them from reporting criminal activity to law enforcement officers.

m. The members of the Enterprise also furthered the Enterprise's illegal activities by concealing and destroying evidence of their illegal activities; committing fraud; and by using and threatening to use various levels of violence, ranging from simple assault to murder.

### D. THE ROLES OF THE ENTERPRISE MEMBERS

5.    The principal roles of the defendants in the Enterprise include those set forth below:

a.   CHRISTIAN ANDUJAR RIVERA, a/k/a "Ratchet," was a leader of the Enterprise whose responsibilities included: participating in and directing murder, aggravated assault, robbery, kidnapping, carjacking, and other acts of violence and intimidation; maintaining a drug premises; acquiring, possessing, distributing, and otherwise dealing in controlled substances; acquiring, possessing, and distributing firearms; committing bank fraud and obstructing investigations into, and concealing and destroying evidence of, the Enterprise's criminal activity.

b.  IRVING BRUZON, a/k/a "Irv," was a member of the Enterprise whose responsibilities included: acquiring, possessing, distributing, and otherwise dealing in controlled substances; acquiring, possessing, and distributing firearms; participating in robbery, murder, and other acts of violence for the Enterprise; and participating in bank fraud.

c.  XAVIER GARDNER, a/k/a "Zae," was a member of the Enterprise whose responsibilities included: acquiring, possessing, distributing, and otherwise dealing in controlled substances; acquiring, possessing, and distributing firearms; and participating in murder, attempted murder, aggravated assault, robbery, kidnapping, and carjacking.

d.  MOHAMED NIDAL JABER, a/k/a "Mo," was a member of the Enterprise whose responsibilities included: participating in robberies; acquiring and possessing firearms; and acquiring, possessing and supplying controlled substances to the Enterprise.

e.  JULISSA COLLAZO, a/k/a "Juju," was a member of the Enterprise whose responsibilities included: acquiring, possessing, distributing, and otherwise dealing in controlled substances; conspiracy to commit murder and aggravated assault; and bank fraud.

f.  KYLE MILLER was a member of the Enterprise whose responsibilities included robbery; and acquiring, possessing, and otherwise dealing in controlled substances for the Enterprise.

## E.  **THE RACKETEERING CONSPIRACY**

6.    Beginning on an unknown date, no later than in or about April,

2020, and continuing until on or about the date of this Indictment, in the Middle

District of Florida and elsewhere, the defendants,

CHRISTIAN ANDUJAR RIVERA,
a/k/a "Ratchet,"
IRVING DIEGO BRUZON,
a/k/a "Irv,"
XAVIER CHASE GARDNER,
a/k/a "Zae,"
MOHAMED NIDAL JABER
a/k/a "Mo," and
JULISSA COLLAZO,
a/k/a "Juju,"

along with others known and unknown, each being a person employed by and

associated with the Enterprise described in Section "A" of this Count, an enterprise

engaged in, and the activities of which affected, interstate and foreign commerce,

knowingly, willfully, and unlawfully conspired with each other and others known

and unknown to the Grand Jury, to violate 18 U.S.C. § 1962(c), that is, to conduct

and participate, directly and indirectly, in the conduct of the affairs of the Enterprise

through a pattern of racketeering activity. as defined in 18 U.S.C. §§ 1961(1) and (5),

which pattern of racketeering activity consisted of:

a. multiple acts involving:

(1) Arson, chargeable under Sections 806.01, 777.011, and 777.04, Florida Statutes;

(2) Murder, chargeable under Sections 782.04, 777.04 and 777.011, Florida Statutes;

(3) Robbery, chargeable under Sections 211, 21a, 31, 182, and 664, California Penal Code;

(4) Robbery, chargeable under Sections 812.13, 777.011 and 777.04, Florida Statutes; and

(5) Robbery, chargeable under Sections 750.529, 750.530, 767.39, 750.157a, and 750.92, Michigan Compiled Laws;

b. multiple acts indictable under:

(1) 18 U.S.C. § 1344 (relating to financial institution fraud);

(2) 18 U.S.C. § 1503 (relating to obstruction of justice); and

(3) 18 U.S.C. § 1951 (relating to interference with commerce, robbery, or extortion); and

c. multiple offenses involving the felonious manufacture, receiving, concealment, buying, selling, and otherwise dealing in controlled substances or listed chemicals, in violation of:

(1) 21 U.S.C. § 841 (distributing and possessing with intent to distribute controlled substances);

(2) 21 U.S.C. § 846 (conspiracy and attempt to distribute and possess with intent to distribute controlled substances); and

(3) 21 U.S.C § 856 (maintaining a drug premises).

7.    It was further part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the Enterprise.

8

## F.  OVERT ACTS

8.      In furtherance of the conspiracy and to accomplish the object and

purposes of the conspiracy, the defendants and others known and unknown

committed and caused to be committed, within the Middle District of Florida and

elsewhere, the following Overt Acts, among others:

a.      Beginning on about a date no later than March 30, 2020,

continuing to a date no later than January 31, 2022, in Hillsborough County,

Florida, the defendants,

CHRISTIAN ANDUJAR RIVERA,
a/k/a "Ratchet,"
IRVING DIEGO BRUZON,
a/k/a "Irv,"
XAVIER CHASE GARDNER,
a/k/a "Zae,"
and
JULISSA MARIE COLLAZO,
a/k/a "Juju,"

and other persons known to the Grand Jury, used residences at Citrus Glen Drive,

Tampa, Florida, to acquire, maintain, and distribute controlled substances, maintain

firearms, divide stolen property and narcotics from burglaries and robberies, plan

attacks against rivals, solicit subjects for murder and conduct Enterprise meetings.

b.      In or around 2021, within the State of Oregon, the defendants,

CHRISTIAN ANDUJAR RIVERA,
a/k/a "Ratchet,"
IRVING DIEGO BRUZON,
a/k/a "Irv," and
MOHAMED NIDAL JABER,
a/k/a "Mo,"

and others, burglarized a marijuana warehouse and stole, at least, 300 pounds of marijuana.

        c.    In or around 2021, in Monterey, California, the defendants,

CHRISTIAN ANDUJAR RIVERA,
a/k/a "Ratchet,"
IRVING DIEGO BRUZON,
a/k/a "Irv,"
MOHAMED NIDAL JABER,
a/k/a "Mo," and
KYLE MILLER,

and others, entered a residence without the permission of the owners and stole, at least, 100 pounds of marijuana.

        d.    On or about February 18, 2021, in Hillsborough County, Florida, the defendant,

CHRISTIAN ANDUJAR RIVERA,
a/k/a "Ratchet,"

paid for and activated a LandAirSea GPS tracking device.

        e.    On or about March 19, 2021, in Hillsborough County, Florida, the defendant,

CHRISTIAN ANDUJAR RIVERA,
a/k/a "Ratchet,"

paid for and activated a LandAirSea GPS tracking device.

        f.    Beginning no later than March 31, 2021, through on or about April 5, 2021, in Hillsborough County, Florida, the defendants,

CHRISTIAN ANDUJAR RIVERA,

10

a/k/a "Ratchet,"
and
JULISSA MARIE COLLAZO,
a/k/a "Juju,"

utilized a GPS tracker to stalk J.G. and J.S. in an effort to carry-out a violent attack

on J.G.

g.      On or about April 19, 2021, in Hillsborough County, Florida, the

defendant,

JULISSA COLLAZO,
a/k/a "Juju,"

paid for and activated a LandAirSea GPS tracking device.

h.      On or about May 5, 2021, in Orange County, Florida, members

of the Enterprise, including defendant,

CHRISTIAN ANDUJAR RIVERA,
a/k/a "Ratchet,"

broke into a residence and stole marijuana.

i.      On or about May 19, 2021, in Hillsborough County, Florida, the

defendant,

JULISSA COLLAZO,
a/k/a "Juju,"

paid for and activated a LandAirSea GPS tracking device.

j.      Beginning no later than June 1, 2021, through June 12, 2021, in

Hillsborough County, Florida, and elsewhere, the defendants,

CHRISTIAN ANDUJAR RIVERA,
a/k/a "Ratchet,"
and
JULISSA MARIE COLLAZO,
a/k/a "Juju,"

and others, utilized a GPS tracker to stalk J.G. and J.S. in an effort to carry-out a

violent attack on J.G.

       k.      On or about June 19, 2021, in Hillsborough County, Florida, the

defendant,

JULISSA COLLAZO,
a/k/a "Juju,"

paid for and activated a LandAirSea GPS tracking device.

       l.      In or about July 2021, in Hillsborough County, Florida, the

defendant,

CHRISTIAN ANDUJAR RIVERA,
a/k/a "Ratchet,"

solicited the murder of J.G., a rival gang member.

       m.      On or about July 12, 2021, in Hillsborough County, Florida, the

defendant,

CHRISTIAN ANDUJAR RIVERA,
a/k/a "Ratchet,"

ordered the killing of J.G., a rival gang member.

n.      On or about July 19, 2021, in Hillsborough County, Florida, the defendant,

JULISSA COLLAZO
a/k/a "Juju,"

paid for and activated a LandAirSea GPS tracking device.

o.      On or about July 30, 2021, in Hillsborough County, Florida, the defendant,

CHRISTIAN ANDUJAR RIVERA,
a/k/a "Ratchet,"

obtained a 2018 Jeep Grand Cherokee, Trackhawk by providing false information to a financial institution to secure a loan.

p.      On or about November 24, 2021, in Orange County, Florida, members of the Enterprise, including the defendant,

CHRISTIAN ANDUJAR RIVERA,
a/k/a "Ratchet,"
and
KYLE MILLER,

broke into a residence and stole marijuana and United States currency.

q.      On or about December 1, 2021, in Hillsborough County, Florida, the defendant,

IRVING DIEGO BRUZON,
a/k/a "Irv,"

obtained a 2019 Dodge Challenger Hellcat by providing false information to a financial institution to secure a loan.

r.      On or about January 7, 2022, in Hillsborough County, Florida,

the defendant,

JULISSA MARIE COLLAZO,
a/k/a "Juju,"

obtained a 2021 Dodge Durango RT by providing false information to a financial

institution to secure a loan.

s.      On or about January 14, 2022, through January 30, 2022, in

Palm Beach County, Florida, the defendants,

CHRISTIAN ANDUJAR RIVERA,
a/k/a "Ratchet,"
IRVING DIEGO BRUZON,
a/k/a "Irv,"
XAVIER CHASE GARDNER,
a/k/a "Zae,"
and
MOHAMED NIDAL JABER
a/k/a "Mo,"

and others, both known and unknown to the Grand Jury, stalked victims J.T. and L.T.

with the intent to commit robbery on January 30, 2022, in Lake Worth, Florida.

t.      On or about January 30, 2022, in Palm Beach County, Florida,

the defendants,

CHRISTIAN ANDUJAR RIVERA,
a/k/a "Ratchet,"
IRVING DIEGO BRUZON,
a/k/a "Irv,"
XAVIER CHASE GARDNER,
a/k/a "Zae,"
and
MOHAMED NIDAL JABER
a/k/a "Mo,"

and others, both known and unknown to the Grand Jury, stalked victims J.T. and L.

T. with the intent to commit burglary on January 30, 2022, at 4400 State Road 810,

Coconut Creek, Florida.

        u.    On or about February 20, 2022, through March 8, 2022, in

Hillsborough County, Florida, the defendants,

CHRISTIAN ANDUJAR RIVERA,
a/k/a "Ratchet," and
IRVING DIEGO BRUZON,
a/k/a "Irv,",

others, stalked A.O. for the purpose of committing a home invasion robbery.

        v.    On or about February 27, 2022, in Hillsborough County, Florida,

the defendants,

CHRISTIAN ANDUJAR RIVERA
a/k/a "Ratchet,
and
IRVING DIEGO BRUZON,
a/k/a "Irv,"

and others committed broke into a residence with a firearm or deadly weapon and

stole United States currency, marijuana, and jewelry.

        w.    On or about March 8, 2022, in Hillsborough County, Florida, the

defendant,

MOHAMED NIDAL JABER,
a/k/a "Mo,"

obtained a 2021 Dodge Durango Hellcat by providing false information to a

financial institution to secure a loan.

15

x.     On or about April 17, 2022, in Hillsborough County, Florida, the

defendant,

MOHAMED NIDAL JABER,
a/k/a "Mo,"

possessed and stored firearms for himself and other members of the Enterprise.

y.     On or about April 23, 2022, in Hillsborough County, Florida, the

defendants,

CHRISTIAN ANDUJAR RIVERA,
a/k/a "Ratchet,"
XAVIER CHASE GARDNER,
a/k/a "Zae," and
IRVING DIEGO BRUZON,
a/k/a "Irv",

and others, using firearms, shot A.H. and A.H. died of his injuries.

z.     On or about April 24, 2022, in Hillsborough County, Florida, the

defendant,

CHRISTIAN ANDUJAR RIVERA,
a/k/a "Ratchet,"

and others did conspire to destroy evidence and commit arson by enlisting other

members of the Enterprise to burn a 2019 Jeep Grand Cherokee Trackhawk.

aa.    On or about April 24, 2022, in Pasco County, Florida, at the

direction of the defendant,

CHRISTIAN ANDUJAR RIVERA,
a/k/a "Ratchet,"

16

and others set fire to a Jeep Grand Cherokee Trackhawk automobile, and aided and abetted the same.

bb.    Beginning on an unknown date no later than October 4, 2021, and ending on or about May 5, 2022, in Hillsborough County, Florida, the defendants,

CHRISTIAN ANDUJAR RIVERA,
a/k/a "Ratchet,"
IRVING DIEGO BRUZON,
a/k/a "Irv,"
XAVIER CHASE GARDNER,
a/k/a "Zae," and
MOHAMED NIDAL JABER,
a/k/a "Mo,"

and others, used a residence at 6248 Muck Pond Road, Seffner, Florida, to acquire, maintain, and distribute controlled substances, maintain firearms, divide stolen property and narcotics from burglaries and robberies.

cc.    On or about May 29, 2022, members of the Enterprise engaged in a gun fight in a parking lot.

dd.    On or about June 13, 2022, in Hillsborough County, Florida, the defendant,

CHRISTIAN ANDUJAR RIVERA,
a/k/a "Ratchet,"

possessed several firearms.

ee.    On or about October 23, 2023, in Hillsborough County, Florida, and elsewhere, the defendants,

17

CHRISTIAN ANDUJAR RIVERA,
a/k/a "Ratchet,"
XAVIER CHASE GARDNER,
a/k/a "Zae," and
KYLE MILLER,

and others, conspired to commit robbery and steal marijuana and United

States currency.

ff.     On or about October 23, 2023, in Shelby Township, Michigan,

the defendants,

CHRISTIAN ANDUJAR RIVERA,
a/k/a "Ratchet,"
XAVIER CHASE GARDNER,
a/k/a "Zae," and
KYLE MILLER,"

and others abducted G.P., using firearms and dangerous weapons, to steal marijuana

and United States currency.

G.     **NOTICE OF SPECIAL SENTENCING FACTORS**

9.     On or about February 27, 2022, in the Middle District of Florida, the

defendants,

CHRISTIAN ANDUJAR RIVERA,
a/k/a "Ratchet,"
and
IRVING DIEGO BRUZON,
a/k/a "Irv,"

did take money or other property from the person or custody of another, with intent

to either permanently or temporarily deprive the person or the owner of the money

or other property, when in the course of the taking there is the use of force, violence,

18

assault, or putting in fear, and in the course of committing the robbery the defendants carried a firearm or other deadly weapon, in violation of Florida Statutes Section 812.13, 777.011 and 777.04.

10.     On or about April 23, 2022, in the Middle District of Florida, the defendants,

> CHRISTIAN ANDUJAR RIVERA,
> a/k/a "Ratchet,"
> XAVIER CHASE GARDNER.
> a/k/a "Zae," and
> IRVING DIEGO BRUZON
> a/k/a/ "Irv,"

and another known to the Grand Jury willfully, unlawfully, and with premeditated design to effect the death of a person, did kill A.H., a human being, in violation of Florida Statutes Section 782.04(1)(a)(1) and 777.011.

11.     On or about April 23, 2022, in Shelby Township, Michigan, the defendants,

> CHRISTIAN ANDUJAR RIVERA,
> a/k/a "Ratchet,"
> XAVIER CHASE GARDNER.
> a/k/a "Zae," and
> KYLE MILLER,

possessed a dangerous weapon and used force or violence against a person while committing larceny of any money or other property that may be the subject of larceny, in violation of Sections 750.529, 750.530, 767.39, 750.157a, and 750.92, Michigan Compiled Laws.

## COUNT TWO
### (Drug Conspiracy)

Beginning on an unknown date no later than in or about April 2020 and continuing until in the date of this Indictment, in the Middle District of Florida, and elsewhere, the defendants,

CHRISTIAN ANDUJAR RIVERA,
a/k/a "Ratchet,"
IRVING DIEGO BRUZON,
a/k/a "Irv,"
XAVIER CHASE GARDNER,
a/k/a "Zae,"
MOHAMED NIDAL JABER,
a/k/a "Mo,"
JULISSA MARIE COLLAZO,
a/k/a "Juju,"
and
KYLE MILLER,

and others, did knowingly and willfully conspire with each other and other persons, both known and unknown to the Grand Jury, to possess with the intent to distribute a controlled substance. The violation involved 1,000 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

All in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).

## COUNT THREE
### (Conspiracy to Commit Robbery)

Beginning on an unknown date, but no later than 2021 and continuing through and including on or about October 23, 2023, in the Middle District of Florida and elsewhere, the defendants,

20

CHRISTIAN ANDUJAR RIVERA,
a/k/a "Ratchet,"
IRVING DIEGO BRUZON,
a/k/a "Irv,"
XAVIER CHASE GARDNER,
a/k/a "Zae,"
MOHAMED NIDAL JABER,
and
a/k/a "Mo,"

did knowingly and willfully conspire with each other, and other persons both known and unknown to the Grand Jury, to—in any way and degree—obstruct, delay, and affect commerce, as that term is defined in 18 U.S.C. 1951(b)(3), and the movement of any articles and commodities in commerce, by robbery, as that term is defined in 18 U.S.C. § 1951(b)(1), that is, by knowingly and unlawfully taking and obtaining personal property consisting of United States currency and marijuana, a Schedule I controlled substance, from the person and in the presence of another, against a person's will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to the person.

In violation of 18 U.S.C. § 1951(a) and (b).

## COUNT FOUR
### (Conspiracy to Commit Murder in Aid of Racketeering)

1.    Paragraphs One through Five of Count One of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.    At all times relevant to this Indictment, the above-described Enterprise, through its members and associates, engaged in racketeering activity as defined in 18 U.S.C. § 1961(1) and § 1959(b)(1), that is, multiple acts involving:

21

a. Arson, in violation of Sections 806.01, 777.011, and 777.04, Florida Statutes;

b. Murder, in violation of Sections 782.04, 777.04 and 777.011, Florida Statutes;

c. Robbery, in violation of Sections 211 and 213, California Penal Code;

d. Robbery, in violation of Sections 812.13, 777.011 and 777.04, Florida Statutes; and

e. Robbery, in violation of Sections 750.529 and 750.530, Michigan Compiled Laws.

and multiple acts indictable under the following provisions:

f. 18 U.S.C. § 1344 (relating to financial institution fraud);

g. 18 U.S.C. § 1503 (relating to obstruction of justice); and

h. 18 U.S.C. § 1951 (relating to interference with commerce, robbery, or extortion);

and multiple offenses involving the felonious manufacture, receiving, concealment, buying, selling, and otherwise dealing in controlled substances or listed chemicals, in violation of:

i. 21 U.S.C. § 841 (distributing and possessing with intent to distribute controlled substances);

j. 21 U.S.C. § 846 (conspiracy and attempt to distribute and possess with intent to distribute controlled substances); and

k. 21 U.S.C § 856 (maintaining a drug premises).

3.      Beginning in or about January 2020, continuing through at least July 12, 2021, in the Middle District of Florida, the defendants,

CHRISTIAN ANDUJAR RIVERA,
a/k/a "Ratchet," and
XAVIER CHASE GARDNER,
a/k/a "Zae,"

and others, for the purpose of gaining entrance to or maintaining and increasing position in the Enterprise, an enterprise engaged in racketeering activity, unlawfully and knowingly conspired and agreed with each other to murder J.G, a rival gang member, in violation of Florida Statutes Sections 782.04(1)(a)1 and 777.04(3).

In violation of 18 U.S.C. § 1959(a)(5).

**COUNT FIVE**
**(Financial Institution Fraud)**

**A.      Introduction**

At times material to this Indictment:

1.      Auto Loan Company 1 is financial institution with deposits insured by the Federal Deposit Insurance Corporation. Auto Loan Company 1 conducts business in the Middle District of Florida.

2.      Auto Loan Company 1 uses a wire server located outside the State of Florida to transfer United States currency to dealerships nationwide.

3.      It is the practice of Auto Loan Company 1 to make loans based an applicant's credit worthiness, job history, time at residence, and monthly expenditures.

23

4.     It is the practice of Auto Loan Company 1 to rely on documentation verified by the applicant under penalty of perjury.

5.     Dealership 1 is an automotive store that sales automobiles that are manufactured outside the State of Florida.

6.     It is the practice of Dealership 1 to use companies like Auto Loan Company 1 to conduct its business of selling and reselling automobiles.

**B.     The Scheme and Artifice**

7.     On or about July 30, 2021, in the Middle District of Florida, and elsewhere, the defendant,

CHRISTIAN ANDUJAR RIVERA,
a/k/a "Ratchet,"

did knowingly and intentionally devise and intend to devise a scheme and artifice to defraud a financial institution, as defined in 18 U.S.C. § 20, and to obtain money, funds, credits, assets, and other property owned by, and under the custody and control of, the financial institution, by means of materially false and fraudulent pretenses, representations, and promises.

**C.     Manner and Means of the Scheme and Artifice**

8.     The manner and means by which ANDUJAR RIVERA sought to accomplish the scheme and artifice included, among others, the following:

a.     It was part of the scheme and artifice that ANDUJAR RIVERA would and did create and cause to be created, and submit and caused to be submitted, to Auto Loan Company 1, fraudulent auto loan applications.

24

b.      It was further part of the scheme that Auto Loan Company 1 would rely on the fraudulent loan documents to disperse funds to ANDUJAR RIVERA for his use to purchase an automobile from Dealership 1.

### D.      Execution of the Scheme and Artifice

9.      On or about July 30, 2021, in the Middle District of Florida, and elsewhere, the defendant,

CHRISTIAN ANDUJAR RIVERA,
a/k/a "Ratchet,"

for the purpose of knowingly, willfully, and with intent to defraud executing, and attempting to execute, the aforementioned scheme and artifice to defraud Auto Loan Company 1, a financial institution as defined in 18 U.S.C. § 20, and to obtain money, funds, credits, assets, securities, and other property owned by and under the custody and control of a financial institution, by means of materially false and fraudulent pretenses, representations and promises, did cause the transfer of auto loan funds to be made by Auto Loan Company 1 on his behalf to Dealership 1.

In violation of 18 U.S.C. § 1344.

## COUNT SIX
### (Financial Institution Fraud)

### A.   Introduction

At times material to this Indictment:

1.      Auto Loan Company 2 is financial institution with deposits insured by the Federal Deposit Insurance Corporation. Auto Loan Company 2 conducts business in the Middle District of Florida.

2.      Auto Loan Company 2 uses a wire server located outside the State of Florida to transfer United States currency to dealerships nationwide.

3.      It is the practice of Auto Loan Company 2 to make loans based an applicant's credit worthiness, job history, time at residence, and monthly expenditures.

4.      It is the practice of Auto Loan Company 2 to rely on documentation verified by the applicant under penalty of perjury.

5.      Dealership 1 is an automotive store that sales automobiles that are manufactured outside the state of Florida.

6.      It is the practice of Dealership 1 to use companies like Auto Loan Company 2 to conduct its business of selling and reselling automobiles.

### B.   The Scheme and Artifice

7.      On or about December 1, 2021, in the Middle District of Florida, and elsewhere, the defendant,

IRVING DIEGO BRUZON,

26

a/k/a "Irv,"

did knowingly and intentionally devise and intend to devise a scheme and artifice to

defraud a financial institution, as defined in 18 U.S.C. § 20, and to obtain money,

funds, credits, assets, and other property owned by, and under the custody and

control of, the financial institution, by means of materially false and fraudulent

pretenses, representations, and promises.

**C.    Manner and Means of the Scheme and Artifice**

8.    The manner and means by which BRUZON sought to accomplish the

scheme and artifice included, among others, the following:

a.    It was part of the scheme and artifice that BRUZON would and

did create and cause to be created, and submit and caused to be submitted, to Auto

Loan Company 2, fraudulent auto loan applications.

b.    It was further part of the scheme that Auto Loan Company 2

would rely on the fraudulent loan documents to disperse funds to BRUZON for his

use to purchase an automobile from Dealership 1.

**D.    Execution of the Scheme and Artifice**

9.    On or about December 1, 2021, in the Middle District of Florida, and

elsewhere, the defendant,

IRVING DIEGO BRUZON,
a/k/a "Irv,"

for the purpose of knowingly, willfully, and with intent to defraud executing, and

attempting to execute, the aforementioned scheme and artifice to defraud Auto Loan

Company 2, a financial institution as defined in 18 U.S.C. § 20, and to obtain money, funds, credits, assets, securities, and other property owned by and under the custody and control of a financial institution, by means of materially false and fraudulent pretenses, representations and promises, did cause the transfer of auto loan funds to be made by Auto Loan Company 2 on his behalf to Dealership 1.

In violation of 18 U.S.C. §§ 1344 and 2.

## COUNT SEVEN
### (Financial Institution Fraud)

### A.    Introduction

At times material to this Indictment:

1.    Auto Loan Company 3 is financial institution with deposits insured by the Federal Deposit Insurance Corporation. Auto Loan Company 3 conducts business in the Middle District of Florida.

2.    Auto Loan Company 3 uses a wire server located outside the state of Florida to transfer United States currency to dealerships nationwide.

3.    It is the practice of Auto Loan Company 3 to make loans based an applicant's credit worthiness, job history, time at residence, and monthly expenditures.

4.    It is the practice of Auto Loan Company 3 to rely on documentation verified by the applicant under penalty of perjury.

5.    Dealership 1 is an automotive store that sales automobiles that are manufactured outside the state of Florida.

28

6.     It is the practice of Dealership 1 to use companies like Auto Loan Company 3 to conduct its business of selling and reselling automobiles.

## B.     The Scheme and Artifice

7.     On or about January 7, 2022, in the Middle District of Florida, and elsewhere, the defendant,

JULISSA MARIE COLLAZO,
a/k/a "Juju,"

did knowingly and intentionally devise and intend to devise a scheme and artifice to defraud a financial institution, as defined in 18 U.S.C. § 20, and to obtain money, funds, credits, assets, and other property owned by, and under the custody and control of, the financial institution, by means of materially false and fraudulent pretenses, representations, and promises.

## C.     Manner and Means of the Scheme and Artifice

8.     The manner and means by which COLLAZO sought to accomplish the scheme and artifice included, among others, the following:

a.     It was part of the scheme and artifice that COLLAZO would and did create and cause to be created, and submit and caused to be submitted, to Auto Loan Company 3, fraudulent auto loan applications.

b.     It was further part of the scheme that Auto Loan Company 3 would rely on the fraudulent loan documents to disperse funds to COLLAZO for her use to purchase an automobile from Dealership 1.

D.    **Execution of the Scheme and Artifice**

9.    On or about January 7, 2022, in the Middle District of Florida, and elsewhere, the defendant,

JULISSA MARIE COLLAZO,
a/k/a "Juju,"

for the purpose of knowingly, willfully, and with intent to defraud executing, and attempting to execute, the aforementioned scheme and artifice to defraud Auto Loan Company 3, a financial institution as defined in 18 U.S.C. § 20, and to obtain money, funds, credits, assets, securities, and other property owned by and under the custody and control of a financial institution, by means of materially false and fraudulent pretenses, representations and promises, did cause the transfer of auto loan funds to be made by Auto Loan Company 3 on her behalf to Dealership 1.

In violation of 18 U.S.C. §§ 1344 and 2.

**COUNT EIGHT**
**(Interference with Commerce by Robbery)**

On or about February 27, 2022, in the Middle District of Florida, the defendants,

CHRISTIAN ANDUJAR RIVERA,
a/k/a "Ratchet,"
IRVING DIEGO BRUZON,
a/k/a "Irv,"

while aiding and abetting each other and other persons, both known and unknown to the Grand Jury, did knowingly—in any way and degree—obstruct, delay, and affect commerce, as that term is defined in 18 U.S.C. § 1951(b)(3), and the movement of

30

any article and commodity in commerce, by robbery, as that term is defined in 18 U.S.C. § 1951(b)(1), that is, by knowingly and unlawfully taking and obtaining personal property consisting of United States currency and marijuana, a Schedule I controlled substance, from the person and in the presence of another, against the person's will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to the person.

In violation of 18 U.S.C. §§ 1951(a) and (b) and 2.

## COUNT NINE
### (Financial Institution Fraud)

### A.    Introduction

At times material to this Indictment:

1.    Auto Loan Company 4 is financial institution with deposits insured by the Federal Deposit Insurance Corporation. Auto Loan Company 4 conducts business in the Middle District of Florida.

2.    Auto Loan Company 4 uses a wire server located outside the state of Florida to transfer United States currency to dealerships nationwide.

3.    It is the practice of Auto Loan Company 4 to make loans based an applicant's credit worthiness, job history, time at residence, and monthly expenditures.

4.    It is the practice of Auto Loan Company 4 to rely on documentation verified by the applicant under penalty of perjury.

5. Dealership 1 is an automotive store that sales automobiles that are manufactured outside the state of Florida.

6. It is the practice of Dealership 1 to use companies like Auto Loan Company 4 to conduct its business of selling and reselling automobiles.

## B. The Scheme and Artifice

7. On or about March 8, 2022, in the Middle District of Florida, and elsewhere, the defendant,

MOHAMED NIDAL JABER,
a/k/a "Mo,"

did knowingly and intentionally devise and intend to devise a scheme and artifice to defraud a financial institution, as defined in 18 U.S.C. § 20, and to obtain money, funds, credits, assets, and other property owned by, and under the custody and control of, the financial institution, by means of materially false and fraudulent pretenses, representations, and promises.

## C. Manner and Means of the Scheme and Artifice

8. The manner and means by which JABER sought to accomplish the scheme and artifice included, among others, the following:

a. It was part of the scheme and artifice that JABER would and did create and cause to be created, and submit and caused to be submitted, to Auto Loan Company 4, fraudulent auto loan applications.

32

b.      It was further part of the scheme that Auto Loan Company 4 would rely on the fraudulent loan documents to disperse funds to JABER for his use to purchase an automobile from Dealership 1.

### D.      Execution of the Scheme and Artifice

9.      On or about March 8, 2022, in the Middle District of Florida, and elsewhere, the defendant,

MOHAMED NIDAL JABER,
a/k/a "Mo,"

for the purpose of knowingly, willfully, and with intent to defraud executing, and attempting to execute, the aforementioned scheme and artifice to defraud Auto Loan Company 4, a financial institution as defined in 18 U.S.C. § 20, and to obtain money, funds, credits, assets, securities, and other property owned by and under the custody and control of a financial institution, by means of materially false and fraudulent pretenses, representations and promises, did cause the transfer of auto loan funds to be made by Auto Loan Company 4 on his behalf to Dealership 1.

In violation of 18 U.S.C. § 1344.

### COUNT TEN
### (Conspiracy to Commit Murder in Aid of Racketeering)

1.      Paragraphs One through Five of Count One of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

33

2.     The above-described Enterprise, through its members and associates, engaged in racketeering activity as defined in 18 U.S.C. § 1961(1) and § 1959(b)(1), that is, multiple acts involving:

      a.     Arson, in violation of Sections 806.01, 777.011, and 777.04, Florida Statutes;

      b.     Murder, in violation of Sections 782.04, 777.04 and 777.011, Florida Statutes;

      c.     Robbery, in violation of Sections 211 and 213, California Penal Code;

      d.     Robbery, in violation of Sections 812.13, 777.011 and 777.04, Florida Statutes; and

      e.     Robbery, in violation of Sections 750.529 and 750.530, Michigan Compiled Laws.

and multiple acts indictable under the following provisions:

      f.     18 U.S.C. § 1344 (relating to financial institution fraud);

      g.     18 U.S.C. § 1503 (relating to obstruction of justice); and

      h.     18 U.S.C. § 1951 (relating to interference with commerce, robbery, or extortion);

and multiple offenses involving the felonious manufacture, receiving, concealment, buying, selling, and otherwise dealing in controlled substances or listed chemicals, in violation of:

      i.     21 U.S.C. § 841 (distributing and possessing with intent to distribute controlled substances);

      j.     21 U.S.C. § 846 (conspiracy and attempt to distribute and possess with intent to distribute controlled substances); and

k.    21 U.S.C § 856 (maintaining a drug premises).

3.    Beginning on or about April 18, 2022, continuing through on or about

April 23, 2022, in the Middle District of Florida, the defendants,

CHRISTIAN ANDUJAR RIVERA,
a/k/a "Ratchet,"
IRVING DIEGO BRUZON,
a/k/a "Irv,"
and
XAVIER CHASE GARDNER,
a/k/a "Zae,"

and others, for the purpose of maintaining and increasing position in the Enterprise,

an enterprise engaged in racketeering activity, unlawfully and knowingly conspired

to murder A.H, a rival gang member, in violation of Florida Statutes

Sections 782.04(1)(a)(1) and 777.04.

In violation of 18 U.S.C. § 1959(a)(5).

**COUNT ELEVEN**
**(Conspiracy to Commit Arson)**

On or about April 24, 2022, in the Middle District of Florida, the defendant,

CHRISTIAN ANDUJAR RIVERA,
a/k/a "Ratchet,"

did knowingly and willfully conspire with others, known and unknown to the Grand

Jury, to maliciously damage and destroy, and attempt to damage and destroy, by

means of fire, personal property used in interstate and foreign commerce,

specifically, a Jeep Grand Cherokee Trackhawk automobile, contrary to the

provisions of 18 U.S.C. § 844(i).

35

## COUNT TWELVE
### (Arson)

On or about April 24, 2022, in the Middle District of Florida, the defendant,

**CHRISTIAN ANDUJAR RIVERA,**
a/k/a "Ratchet,"

aided and abetted by others, known and unknown to the Grand Jury, did maliciously damage and destroy, and attempt to damage and destroy, by means of fire, personal property used in interstate and foreign commerce, specifically, a Jeep Grand Cherokee Trackhawk automobile.

All in violation of 18 U.S.C. §§ 844(i) and 2.

## FORFEITURES

1.      The allegations contained in Counts One through Twelve above are incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. §§ 844(c), 924(d), 981(a)(1)(C), 982(a)(2), and 1963; 21 U.S.C. § 853(a); and 28 U.S.C. § 2461(c).

2.      Upon conviction of a violation of 18 U.S.C. § 1962, the defendants shall forfeit to the United States of America, pursuant to 18 U.S.C. § 1963:

     a.      any interest acquired or maintained in violation of section 1962;

     b.      any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise which the defendants established, operated, controlled, conducted, or participated in the conduct of, in violation of section 1962; and

36

        c.     any property constituting, or derived from, any proceeds obtained, directly or indirectly, from racketeering activity in violation of section 1962.

3.     Upon conviction of a violation of 21 U.S.C. § 846, the defendants shall forfeit to the United States of America, pursuant to 21 U.S.C. § 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense.

4.     Upon conviction for a violation of 18 U.S.C. § 1951, or conspiracy to violate section 1951, the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the conspiracy, and, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in or used to facilitate the offenses.

5.     Upon conviction of a violation of 18 U.S.C. § 1344, the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation.

6.     Upon conviction of a violation of 18 U.S.C. § 844, or a conspiracy to violate section 844, the defendants shall forfeit to the United States of America, pursuant to 18 U.S.C. § 982(a)(2)(B), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation, and pursuant to

37

18 U.S.C. § 844(c) and 28 U.S.C. § 2461(c), any explosive materials involved or used or intended to be used in the violation.

7.     The property to be forfeited includes, but is not limited to, an order of forfeiture in the amount of proceeds obtained from the offenses.

8.     If any of the property described above, as a result of any act or omission of the defendants:

        a.     cannot be located upon the exercise of due diligence;

        b.     has been transferred or sold to, or deposited with, a third party;

        c.     has been placed beyond the jurisdiction of the court;

        d.     has been substantially diminished in value; or

        e.     has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property

pursuant to 18 U.S.C. § 1963(m) and 21 U.S.C. § 853(p), directly and as incorporated

by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

A TRUE BILL,

Foreperson

ROGER HANDBERG
United States Attorney

By:

SHAUNA S. HALE
Assistant United States Attorney

By:

ℓ0ℜ JAMES C. PRESTON, JR.
Assistant United States Attorney
Chief, Violent Crimes and Racketeering Section

FORM OBD-34
June 24

No.

## UNITED STATES DISTRICT COURT
### Middle District of Florida
### Tampa Division

## THE UNITED STATES OF AMERICA

vs.

**CHRISTIAN ANDUJAR RIVERA,**
a/k/a "Ratchet,"
**IRVING DIEGO BRUZON**
a/k/a "Irv,"
**XAVIER CHASE GARDNER**
a/k/a "Zae,"
**MOHAMED NIDAL JABER**
a/k/a "Mo,"
**JULISSA COLLAZO**
a/k/a "Juju," and
**KYLE MILLER**

## INDICTMENT

Violations: 18 U.S.C. § 844
18 U.S.C. § 922
18 U.S.C. § 924
18 U.S.C. § 1344
18 U.S.C. § 1951
18 U.S.C. § 1959
18 U.S.C. §1962
21 U.S.C. § 841
21 U.S.C. § 846

21 U.S.C. § 841

A true bill,

█████████████

Foreperson

Filed in open court this 20th day

Of June, 2024.

Clerk

KARINA NIEVES

Bail $_____

GPO 863 525